**14-1367-cv**
**Backer v. Shah**

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

August Term, 2014

(Argued: October 23, 2014                    Decided: June 3, 2015)

Docket No.  14-1367-cv

- - -- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MINDY BACKER, by her guardian and next friend Gay Lee Freedman,

Plaintiff-Appellant,

FANNIE MAE WILLIAMS, by her guardian and next friend United Guardianship Services, ANNIE L. KELLY, by her guardian and next friend United Guardianship Services, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

NIRAV R. SHAH, M.D., M.P.H., in his capacity as the Commissioner of the New York State Department of Health,

Defendant-Appellee.

- - - - - - - - - - - - - - - - - - -- - - - - - - - - - - - - - - - -

B e f o r e:   WINTER, WALKER, and CABRANES, Circuit <u>Judges</u>.

Appeal from a dismissal of a complaint by the United States District Court for the Eastern District of New York (Roslynn R. Mauskopf, Judge), on the alternative grounds that appellant lacked standing to bring, and failed to state, a claim that the Medicaid Act allows her to deduct guardianship fees from her Medicaid-required contributions to nursing home costs.

We hold that appellant has standing but failed to state a valid claim for relief.  We therefore affirm.

JOSEPH P. GARLAND (Michael Korsinsky, on the brief), Korsinsky & Klein, LLP, Brooklyn, NY, for Plaintiff-Appellant.

BETHANY A. DAVIS NOLL, Assistant Solicitor General (Barbara D. Underwood, Solicitor General, Anisha S. Dasgupta, Deputy Solicitor General, on the brief), for Eric T. Schneiderman, Attorney General of the State of New York, New York, NY, for Defendant-Appellee.

WINTER, Circuit Judge:

Mindy Backer appeals from Judge Mauskopf's Fed. R. Civ. P. 12(b)(1) and 12(b)(6) dismissal of her complaint alleging a Section 1983 violation.  In that action, she claimed that the New York State Department of Health ("DOH") violated the Medicaid Act, 42 U.S.C. § 1396 et seq., when DOH determined that guardianship fees approved by a state court could not be deducted from Backer's Medicaid-required contributions to her nursing home costs.  We conclude that Backer has standing but has nevertheless failed to state a valid Section 1983 claim.  We therefore affirm.

**BACKGROUND**

Appellant is incapacitated and resides in a nursing home. She receives Medicaid benefits.  Medicaid covers part or all of the costs of nursing home facility services for qualified beneficiaries.  42 U.S.C. § 1396d(a)(4)(A).  Such beneficiaries are required to contribute their available income to the cost of

their institutional care. See 42 U.S.C. § 1396a(q)(1)(A); see also Wong v. Doar, 571 F.3d 247, 261 (2d Cir. 2009). When calculating a beneficiary's "available income" for such expenses, state Medicaid plans are required to deduct a "monthly personal needs allowance." 42 U.S.C. § 1396a(q)(1)(A). In New York, that monthly allowance is $50. 18 N.Y.C.R.R. § 360-4.9(a)(1). The amount of the beneficiary's income that is left after the $50 deduction is styled the "net available monthly income" ("NAMI") and must be paid to the nursing home. See Florence Nightingale Nursing Home v. Perales, 782 F.2d 26, 27-28 (2d Cir. 1986); see also 42 U.S.C. § 1396a(q)(1)(A).

Under New York law, an incapacitated person is entitled to have a guardian appointed to "act on [her] behalf . . . in providing for personal needs and/or for property management." N.Y. Mental Hygiene L. § 81.03(a). Pursuant to that law, appellant's sister, Gay Lee Freedman, was appointed by the New York Supreme Court to be appellant's guardian. The guardianship order stated that the income appellant deposited in her guardianship account would be considered unavailable income for purposes of calculation of her NAMI. See Matter of Freedman v. Comm'r of State of New York Dep't of Health, 988 N.Y.S.2d 522 (Sup. Ct. 2014). In a separate administrative proceeding, however, DOH determined that appellant could not deduct the guardianship fees and was required to contribute approximately

3

$1,800 per month in NAMI toward her nursing home costs.  See id. That ruling left her without funds to pay the guardianship fees.

Relying on the terms of the guardianship order, Freedman challenged DOH's decision in state court, but the court upheld DOH's decision on the ground that it had a rational basis.  Id. The court also noted that New York's Medicaid regulations did not authorize the deduction of guardianship fees and expenses from the amount required to be contributed toward nursing home costs. Id.

While her state court challenge was pending, Freedman filed the present action, including a putative class action, in the Eastern District.  The complaint sought declaratory and injunctive relief pursuant to 42 U.S.C. § 1983, alleging that DOH violated the Medicaid Act, 42 U.S.C. §§ 1396a(a)(19), 1396a(q)(1), 1396d, by refusing to deduct guardianship expenses from required Medicaid contributions.  Backer alleged she was "being damaged because of the failure of DOH to permit the deduction of the guardianship fees from her available assets."

DOH successfully moved to dismiss the action.  The district court held that appellant lacked constitutional standing to bring the claim, noting that the complaint "failed to allege any injury 'fairly traceable' to defendant's conduct or the provisions of the Medicaid Act.  Any financial liabilities plaintiff[] [has] incur[red] as a result of not paying the NAMI [were] a result of

4

an independent economic choice to pay [the] guardian[] instead." Williams ex rel. United Guardianship Servs. v. Shah, No. 12-CV-3953 (RRM) (RML), 2014 WL 1311154, at *5 (E.D.N.Y. Mar. 30, 2014). The court held in the alternative that even if appellant had standing, dismissal was still warranted because she failed to state a claim upon which relief could be granted. Id. at *6.

## DISCUSSION

We review de novo a district court's grant of a motion to dismiss (i) for lack of standing, and (ii) for failure to state a claim upon which relief can be granted. Rothstein v. UBS AG, 708 F.3d 82, 90 (2d Cir. 2013).

a)   Standing

Before reaching the merits, we must first determine whether appellant had standing to bring her claim. See Shearson Lehman Hutton, Inc. v. Wagoner, 944 F.2d 114, 117 (2d Cir. 1991). To have standing, a complainant must show:  (i) a concrete and particularized invasion of a legally protected interest; (ii) a causal connection between the invasion and the alleged injury; and (iii) a likelihood that the injury will be redressed by a favorable decision. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992).

The district court held that appellant lacked standing because her alleged injury was "solely attributable" to her own action in paying her guardian instead of her nursing home costs.

5

Williams, 2014 WL 1311154, at *3-4 (quoting Engwiller v. Pine Plains Cent. Sch. Dist., 110 F. Supp. 2d 236, 246-47 (S.D.N.Y. 2000)). We disagree.

DOH determined that appellant was obligated to make NAMI payments for the costs of her nursing home residency before paying the guardianship fees. This determination caused appellant to have insufficient funds to pay her guardianship obligations. She was thus exposed to potential liability either for the nursing facility charges or for guardianship services.

An injury is "self-inflicted" so as to defeat standing only if "the injury is so completely due to the plaintiff's own fault as to break the causal chain." St. Pierre v. Dyer, 208 F.3d 394, 402 (2d Cir. 2000) (quoting 13 Charles A. Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice and Procedure § 3531.5, at 457 (2d ed. 1984)). To be sure, appellant might have sought relief from the state courts from the guardianship expenses, see N.Y. Mental Hyg. Law § 81.28, but the possibility, or even probability, of obtaining such relief does not eliminate the difficult position appellant was put in by DOH's ruling. "So long as the defendants have engaged in conduct that may have contributed to causing the injury, it would be better to recognize standing." St. Pierre, 208 F.3d at 402 (internal quotation marks omitted). Appellant's injury -- i.e., incurring debts beyond her means to the nursing facility or to her guardian

6

-- was not "solely" attributable to her own actions, but rather was caused in part by DOH's determination.

Therefore, we hold that appellant had standing to bring the action.

b)   Section 1983

We now turn to the merits of appellant's Section 1983 claim. To obtain redress through Section 1983, "a plaintiff must assert the violation of a federal *right*, not merely a violation of federal *law*."  Blessing v. Freestone, 520 U.S. 329, 340 (1997); accord NextG Networks of NY, Inc. v. City of New York, 513 F.3d 49, 52 (2d Cir. 2008).  Courts "traditionally look[] at three factors when determining whether a particular statutory provision gives rise to a federal right."  Blessing, 520 U.S. at 340. "First, Congress must have intended that the provision in question benefit the plaintiff."  Id.  Second, the statute must not be "so vague and amorphous that its enforcement would strain judicial competence."  Id. at 340-41 (internal quotation marks omitted).  Finally, "the statute must unambiguously impose a binding obligation on the States."  Id. at 341.

"Section 1983 is only a grant of a right of action; the substantive right giving rise to the action must come from another source."  Singer v. Fulton Cnty. Sheriff, 63 F.3d 110, 119 (2d Cir. 1995).  One alleged source of appellant's Section 1983 claim is 42 U.S.C. § 1396a(a)(19), which requires state

7

Medicaid plans to "provide such safeguards as may be necessary to assure that eligibility for care and services under the plan will be determined . . . in a manner consistent with simplicity of administration and the best interests of the recipients."  We have yet to address the issue, but various other circuits have held that Section 1396a(a)(19) is too vague and amorphous to create a Section 1983 private right of action.  See, e.g., Bruggeman v. Blagojevich, 324 F.3d 906, 911 (7th Cir. 2003) ("[T]he 'best interests' provision . . . is insufficiently definite to be justiciable, and in addition cannot be interpreted to create a private right of action[.]"); Harris v. James, 127 F.3d 993, 1010 (11th Cir. 1997) (collecting cases); Cook v. Hairston, No. 90-3437, 1991 WL 253302, at *5 (6th Cir. Nov. 26, 1991).  We agree with these courts.

Section 1396a(a)(19)'s direction to provide safeguards so that the determination of Medicaid eligibility will be consistent with both "simplicity of administration" and "the best interests of . . . recipients" provides no workable standard for judicial decision making.  The terms used are amorphous and in some circumstances inconsistent, requiring an experimental balancing of perceived costs and benefits in a vast number of forseen and unforseen situations.  Recognition of a private right of action to enforce such terms would truly strain judicial competence to a breaking point.

The only other source of a Section 1983 claim relied upon by appellant is 42 U.S.C. § 1396a(q)(1)(A), which requires state Medicaid plans to deduct a "monthly personal needs allowance -- (i) which is reasonable in amount for clothing and other personal needs of the individual (or couple) while in an institution, and (ii) which is not less [than $30 for an institutionalized individual]."  Id.; see also id. § 1396a(q)(2).

The language of this provision indicates that it is limited to payment for comfort items, such as clothes, that are "not supplied by [an individual's] institution."  H.R. Rep. No. 92-231 at 150 (1971), reprinted in 1972 U.S.C.C.A.N. 4989, 5136. Indeed, the paltry minimum sum allowed for such comfort items could not have been designed to encompass potentially high guardianship fees.  See Wong, 571 F.3d at 261 (noting that the allowance is "modest" because "in Congress's judgment, most subsistence needs are met by the institution") (internal quotation marks omitted).  DOH was thus not under any unambiguous and binding obligation, Blessing, 520 U.S. at 341, to allow deduction of the guardianship fees from appellant's NAMI.

Appellant therefore has not stated a Section 1983 claim based on either Section 1396a(q)(19) or 1396a(q)(1)(A).

**CONCLUSION**

For the reasons stated, we affirm the dismissal pursuant to Rule 12(b)(6).

9