**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2662
_____

JAMES EDWARDS,
Appellant

v.

DEPARTMENT OF HUMAN SERVICES; ELIZABETH CONNOLLY;
DIVISION OF MENTAL HEALTH AND ADDICTIVE SERVICES;
VALERIE L. MIELKE; JENNIFER VALEZ
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 3:16-cv-05623)
District Judge:  Honorable Peter G. Sheridan
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 14, 2018
Before:  VANASKIE, COWEN and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed: February 15, 2018)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

James Edwards appeals from the District Court's orders granting the defendants' motion to dismiss and denying his motion for reconsideration in an action brought under 42 U.S.C. § 1983. For the reasons that follow, we will affirm.

Edwards, a patient at Trenton Psychiatric Hospital, a state-run facility, filed a complaint in the District of New Jersey against the Hospital's operators, alleging that they violated his due process rights by failing to pay him a "personal needs allowance" of $40 during months that he received $100 or more for working as a "patient worker." The defendants filed a motion to dismiss for failure to state a claim upon which relief may be granted, arguing that Edwards does not have a substantive or procedural due process right to a personal needs allowance. Over Edwards' opposition, the District Court agreed with the defendants' position and, on March 20, 2017, granted the motion to dismiss. Edwards filed a motion for reconsideration, which was docketed on May 8, 2017. The District Court denied that motion by order entered July 10, 2017. Edwards filed his notice of appeal on July 31, 2017.

We have appellate jurisdiction under 28 U.S.C. § 1291.[1] Our review of the District Court's decision to dismiss the complaint under Rule 12(b)(6) is de novo. Dique

---

[1] We conclude that the notice of appeal is timely as to order granting the motion to dismiss because that order did not satisfy the separate judgment rule. See Fed. R. Civ. P. 58(a) (providing that "[e]very judgment … must be set out in a separate document"). The order included some background information, analyzed the parties' claims, and explained why Edwards failed to state a claim upon which relief can be granted. See In re Cendant Corp. Secs. Litig., 454 F.3d 235, 245 (3d Cir. 2006) ("[T]he separate judgment should be as minimal as possible to comply with Rule 58's requirements, and should include little more."). Judgment was therefore not "entered" on the day the order was issued, March

2

v. N. J. State Police, 603 F.3d 181, 188 (3d Cir. 2010). We review for abuse of discretion the District Court's order denying Edwards' motion for reconsideration. See Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999).

The Medicaid program "provide[s] federal financial assistance to States that choose to reimburse certain costs of medical treatment for needy persons." Harris v. McRae, 448 U.S. 297, 301 (1980). States, like New Jersey, that participate in the Medicaid program must submit for federal approval a state plan that describes the methods and standards for operating the program. 42 U.S.C. § 1396a. One of the requirements for approval is "a monthly personal needs allowance for certain institutionalized individuals and couples." 42 U.S.C. § 1396a(a)(50). The allowance is intended for "clothing and other personal needs of the individual … while in an institution[.]" 42 U.S.C. § 1396a(q)(1)(A)(i). The personal needs allowance is deducted from the individual's monthly income, which otherwise is applied to the cost of care. 42 U.S.C. § 1396a(q)(1)(A). New Jersey participates in the Medicaid program through the New Jersey Medical Assistance and Health Services Act. N.J.S.A. § 30:4D-1, et seq.

---

10, 2017. Instead, judgment should be considered formally entered 150 days later, on August 7, 2017. Edwards filed his notice of appeal on July 31, 2017. Therefore, the notice of appeal was timely filed, and the fact that Edwards appealed before the formal entry of judgment does not prevent us from exercising jurisdiction over the order granting the motion to dismiss. See LeBoon v. Lancaster Jewish Cmty. Ctr. Ass'n, 503 F.3d 217, 224 n.5 (3d Cir. 2007); Fed. R. App. P. 4(a)(2), 4(a)(7)(B).

In his complaint, Edwards claimed that his due process rights derive from one section of that Act, N.J.S.A. § 30:4D-6a.[2]  Under that provision, Medicaid recipients who reside in an inpatient psychiatric hospital are entitled to retain from their monthly income a minimum $35 personal needs allowance.  N.J.S.A. § 30:4D-6a; see also N.J.A.C. § 10:71-5.7(b) ("[a] personal needs allowance in the amount of $35.00 shall be deducted from the institutionalized individual's income.").  According to the defendants, Trenton Psychiatric Hospital "goes beyond any statutory requirement by affirmatively paying a monthly [personal needs allowance] to patients who have no income."

To establish a substantive due process claim under the Fourteenth Amendment on these facts, a plaintiff must demonstrate that a state actor engaged in conduct that deprived him of a protected property interest and that the deprivation shocks the conscience.  Chainey v. Street, 523 F.3d 200, 219 (3d Cir. 2008).  A procedural due process claim requires the plaintiff to establish that the defendants deprived him of a protected property interest and that the state procedure for challenging the deprivation was constitutionally inadequate.  Hill v. Borough of Kutztown, 455 F.3d 225, 233-34 (3d

_____

[2] Edwards also cited N.J.S.A. § 30:4-68.2, which provides for a $35 personal needs allowance for individuals who do not receive Medicaid benefits.  Because Edwards receives Medicaid benefits, this provision does not apply to him.  We also note that Edwards did *not* claim that 42 U.S.C. § 1396(q)(1)(A) serves as the source of the right underlying his § 1983 cause of action.  There may be reason to doubt that the statute could serve as such a source.  See Backer ex rel. Freedman v. Shah, 788 F.3d 341, 345 (2d Cir. 2015) (finding, under quite different circumstances, that the statute did not establish a right applicable to the plaintiff).  In any event, for the reasons set out in the text, Edwards has not alleged an actual violation of the terms of the statute.

4

Cir. 2006); <u>Revell v. Port Auth. of N.Y. & N.J.</u>, 598 F.3d 128, 138 (3d Cir. 2010). Here, even accepting the dubious proposition that Edwards has a property interest protected by substantive and procedural due process,[3] he has not alleged any deprivation of that interest. Indeed, according to Edwards' own complaint, the defendants have always provided him with the requisite personal needs allowance. Edwards acknowledged that when he has no monthly income, he still receives a $40 personal needs allowance. And when Edwards earns money working as a "patient worker," his monthly personal needs allowance is paid out of that income. Edwards asserted that in months when he earns $100, he should be permitted to keep that money, plus a $40 personal needs allowance. But contrary to Edwards' belief, once his personal needs allowance is met through his income, there is no right – and certainly not one protected by due process – to additional money paid by the state. Consequently, Edwards failed to state a claim for violation of his right to substantive and procedural due process.

We also discern no abuse of discretion regarding the District Court's decision to deny Edwards' motion for reconsideration. A motion for reconsideration is a limited

---

[3] For a property interest to be protected for purposes of substantive due process, it must be "fundamental" under the United States Constitution. <u>Nicholas v. Pa. State Univ.</u>, 227 F.3d 133, 139-140 (3d Cir. 2000). Edwards has not pointed to any authority indicating that the personal needs allowance in § 30:4D-6a is the sort of "fundamental" interest entitled to substantive due process protection. <u>See id.</u> at 141 (noting that "we have so far limited non-legislative substantive due process review to cases involving real property ownership."). Nor has he demonstrated that he has a legitimate claim of entitlement to a personal needs allowance paid by the state when he earns more than $35 per month as a "patient worker." <u>See</u> <u>Bd. of Regents v. Roth</u>, 408 U.S. 564, 577 (1972) (discussing attributes of property interests protected by procedural due process).

vehicle used "to correct manifest errors of law or fact or to present newly discovered evidence." See Max's Seafood Café, 176 F.3d at 677 (citation and quotation marks omitted). In the motion for reconsideration, Edwards claimed that the District Court did not consider his opposition to the motion to dismiss. As the District Court explained, however, it had considered Edwards' opposition but concluded that the arguments raised therein did not address the defendants' basis for seeking dismissal. Edwards also suggested that the District Court had somehow misinterpreted the scheme used to pay for the cost of his medical care. But the District Court properly concluded that Edwards' allegation in this regard had no bearing on his assertion that the defendants violated his due process rights by failing to pay him a "personal needs allowance." Accordingly, Edwards' motion did not present any valid basis for reconsideration.

For the foregoing reasons, we will affirm the judgment of the District Court.